# I IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KING MICHAEL OLIVER, *also known as* MICHAEL OLIVER, #B89925, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 19-CV-00792-JPG |
| vs. | ) ) | |
| ANDREW SABENS, ASHLEY NOTO, and CARBONDALE POLICE DEPARTMENT, | ) ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. Plaintiff King Michael Oliver filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights (Doc. 1). The Complaint did not survive screening because Oliver failed to state a claim for relief, and on September 19, 2019, the Court dismissed the Complaint without prejudice pursuant to 28 U.S.C. § 1915A. (Doc. 11).

Oliver was granted leave to file a First Amended Complaint on or before October 17, 2019. (Doc. 11, p. 6). Oliver was warned that if he failed to submit a First Amended Complaint, this case would be dismissed with prejudice. (*Id.*). The deadline to file a First Amended Complaint has passed. Oliver has not filed a First Amended Complaint, nor has he requested an extension. The Court will not allow this matter to linger indefinitely.

Accordingly**, IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** for Oliver's failure to comply with the Court's Order to file a First Amended Complaint

and to prosecute his claim. FED. R. CIV. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice). Further, because the Complaint failed to state a claim upon which relief may be granted, **this dismissal shall count as a strike for purposes of 28 U.S.C. 1915(g)**.

Oliver is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Oliver wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Oliver plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Oliver chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Oliver may incur a "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

**DATED: October 30, 2019**

*s/ J. Phil Gilbert*_____
**J. PHIL GILBERT**
**United States District Judge**